**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| CIPRIANO HERNANDEZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-1147-SLP |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Petitioner, Cipriano Hernandez, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. Before the Court is the Report and Recommendation [Doc. No. 9] (R&R) of United States Magistrate Judge Amanda L. Maxfield. The Magistrate Judge recommends granting, in part, the Petition. Respondents have filed an Objection [Doc. No. 10], and the matter is at issue. The Court reviews de novo any portion of the R&R to which a specific objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Review of all other issues addressed by the Magistrate Judge are deemed waived. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *see also United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Having conducted that review, and for the reasons that follow, the Court ADOPTS the R&R and GRANTS, in part, the Petition.

## I. Background

Petitioner, a citizen of Mexico, entered the United States without inspection at or near Brownsville, Texas, at an unknown date and time. On June 6, 2014, Petitioner was placed by ICE into removal proceedings through the issuance of a Notice to Appear and charged with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). ICE subsequently released Petitioner on a $3,000 bond.

On September 29, 2025, Petitioner was re-detained by ICE under an administrative warrant, and ICE re-instituted removal proceedings against him through the issuance of a second Notice to Appear. Petitioner has been continuously detained without a bond hearing since his arrest pursuant to the mandatory detention provisions set forth in § 1225(b)(2)(A).

On May 19, 2026, Petitioner filed this action, claiming violations of the Immigration and Nationality Act and violations of 8 C.F.R. § 241.4(i). Petitioner claims that § 1225(b)(2)(A) does not apply to him and that he is owed a bond hearing under § 1226(a). As relief, Petitioner seeks release from custody or, in the alternative, any relief available. On July 19, 2026, an Immigration Judge ordered Petitioner removed. Petitioner's deadline to appeal was August 19, 2026.[1] When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.

[1] Neither party has submitted any notice to the Court regarding the status of Petitioner's removal order and therefore the Court renders its decision based on the record in front of it.

## II. <u>Discussion</u>

The Magistrate Judge recommended that the Court grant habeas relief and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral Immigration Judge (IJ) within seven (7) days or, in the alternative, for Respondents to release Petitioner from custody.

The Court concurs with the Magistrate Judge's findings that § 1226(a) governs Petitioner's detention and rejects Respondents' interpretation of §§ 1226(a) and 1225(b)(2)(A). Under Tenth Circuit law, § 1226(a) governs the detention of immigration detainees who are similarly situated to Petitioner. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1240 (10th Cir. 2026) (holding that "§ 1225(b)(2)(A)'s application is limited to the border").[2] The Court, therefore, finds that § 1226(a) governs Petitioner's detention and Petitioner is entitled to a bond hearing.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 9] is ADOPTED and the Petition [Doc. No. 1] is GRANTED IN PART. Respondents are ORDERED to provide Petitioner with a proper bond hearing pursuant to 8 U.S.C. § 1226(a)

---

[2] The majority of Circuit Courts, including "the Second, Sixth, and Eleventh Circuits have each held that § 1225(b)(2)(A) does not apply to unadmitted noncitizens who . . . are found in the country's interior." *Id.* at 1235 (*citing Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Mia.*, 175 F.4th 1258 (11th Cir. 2026); *but see Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128, 1138 (8th Cir. 2026).

[3] Because the Court finds that habeas relief should be granted on Petitioner's statutory claim, the Court declines to address his remaining claims.

within seven (7) days of the date of this Order, or otherwise release Petitioner if he has not received a proper bond hearing within that period.

IT IS FURTHER ORDERED that Respondents shall file a Notice of Compliance on or before 5:00 p.m., on September 17, 2026. If Respondents fail to timely comply, including a failure to timely file a Notice, Petitioner shall immediately be released from custody. *See* 28 U.S.C. §§ 2241, 2243.[4]

A separate judgment shall be entered.

IT IS SO ORDERED this 10th day of September, 2026.

**SCOTT L. PALK**
**CHIEF UNITED STATES DISTRICT JUDGE**

[4] "In issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters as law and justice require." *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (citing 28 U.S.C. § 2243); *Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("Habeas is a remedy for unlawful executive detention. The typical remedy for such detention is, of course, release."); *see also Dep't of Homeland Sec. v. Thuraissigiam,* 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention.").